COPY

1  Dean M. Conway (Trial Counsel) (DC Bar No. 457433)
   (ConwayD@sec.gov)
2  Antonia Chion
   Daniel Chaudoin
3  Jeffrey P. Weiss
   Amie K. Long
4
   Attorneys for Plaintiff
5  SECURITIES AND EXCHANGE COMMISSION
   100 F Street, N.E.
6  Washington, DC 20549-4010
   Telephone: (202) 551-4412 (Conway)
7  Facsimile: (202) 772-9246 (Conway)

8

9

10                    UNITED STATES DISTRICT COURT

11                  NORTHERN DISTRICT OF CALIFORNIA

12

13              CV 07          6423

14  SECURITIES AND EXCHANGE COMMISSION,    Case No. _____

15              Plaintiff,
                                           COMPLAINT
16         vs.

17  ROBERT OLINS,
    SPATIALIGHT, INC. and
18  ARGYLE CAPITAL MANAGEMENT CORP.,

19              Defendants.

20

21

22

23

24

25

26

27

28

    COMPLAINT

1  Plaintiff Securities and Exchange Commission (the "Commission") alleges:

2  ### SUMMARY OF THE ACTION

3  1.    Between late 2004 and early 2006, SpatiaLight, Inc. ("SpatiaLight" or the

4  "Company"), its former CEO, Robert Olins ("Olins") and Argyle Capital Management Corporation

5  ("Argyle"), a company of which Olins is the sole owner and director, engaged in fraudulent,

6

7  deceptive conduct in violation of the antifraud provisions, and also violated the registration and

8  reporting requirements, of the federal securities laws.

9  2.    The illegal conduct involves three sets of facts and circumstances:  1) the filing of

10  forged auditor consents as exhibits to registration statements; 2) insider trading by Olins; and 3) the

11

12  unregistered sales of hundreds of thousands of shares of SpatiaLight stock, and fraudulent statements

13  made in filings with the Commission related to those transactions.  Through this conduct, the

14  defendants violated the federal securities laws, and Olins realized more than $2.6 million in ill-gotten

15  gains.

16  3.    First, in July 2005, SpatiaLight filed, and Olins signed, two registration statements that

17  contained materially false and misleading statements.  Olins knew, or was reckless in not knowing,

18  that the registration statements included as exhibits forged consents of SpatiaLight's former auditor

19  ("Former Auditor").  The consents falsely represented that the Former Auditor had authorized

20

21  SpatiaLight to incorporate by reference its reports relating to the consolidated financial statements for

22  fiscal years 2002 and 2003 when, in fact, the Former Auditor had not given such consent.

23  4.    Second, in August 2005 and February 2006, Olins sold shares of SpatiaLight stock on

24  the basis of material, non-public information in breach of his duty of trust and confidence to

25  SpatiaLight's shareholders.

26  5.    Third, in the spring of 2005, SpatiaLight, Argyle and Olins illegally distributed

27  hundreds of thousands of shares of SpatiaLight stock, resulting in Olins realizing proceeds of more

28

COMPLAINT                                      -2-

than $2.6 million. There was no registration statement filed, nor was there a registration statement in effect for these transactions. Furthermore, Olins and SpatiaLight made material misrepresentations and omissions concerning these transactions in filings made with the Commission, and Olins failed to report his sale of these shares, as well as others. For example, SpatiaLight and Olins misrepresented that Olins had reported all of his SpatiaLight stock transactions in 2005. In fact, Olins had failed to report any of the sales of stock that resulted in the ill-gotten gains of more than $2.6 million.

6.    Olins used an E*Trade brokerage account to facilitate his illegal sales and failures to report his SpatiaLight stock transactions. Olins opened the account in September 2004 and, in the account opening documents, falsely represented that he was not an officer, director or 10 percent shareholder of a publicly-traded company. Between November 2004 and February 2006, Olins did not report, or failed to report in a timely manner, the sale of more than 700,000 shares of SpatiaLight stock out of his E*Trade brokerage account.

7.    By engaging in the acts alleged in this Complaint, SpatiaLight and Olins violated, directly or indirectly, the antifraud, reporting, record keeping and internal control provisions of the federal securities laws. In addition, defendants SpatiaLight, Olins and Argyle violated the registration requirements of the federal securities laws. Unless enjoined from doing so, the defendants are likely to commit the foregoing violations in the future.

8.    Accordingly, the Commission is seeking an injunction against future violations of the securities laws violated by each of the defendants. The Commission further seeks disgorgement of ill-gotten gains with prejudgment interest against Olins and Argyle, civil money penalties against all defendants, and an officer and director bar as to Olins.

**JURISDICTION AND VENUE**

9.      This Court has jurisdiction over this action under Section 22(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77v(a)] and Sections 21(d), 21(e), 21A and 27 of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78u(d) and (e), 78u-1(a) and 78aa]. Defendants have made use, directly or indirectly, of the means or instrumentalities of interstate commerce, of the mails, or of the facilities of a national securities exchange, in connection with the transactions, acts, practices, and courses of business alleged in this Complaint.

10.     Venue is appropriate in this Court under Section 22(a) of the Securities Act [15 U.S.C. § 77v(a)] and Section 27 of the Exchange Act [15 U.S.C. § 78aa], because certain of the acts or transactions constituting the violations alleged herein occurred in this judicial district.

**INTRADISTRICT ASSIGNMENT**

11.     Assignment to the San Francisco Division is appropriate pursuant to Civil Local Rule 3-2(d) because a substantial part of the events that give rise to the Commission's claims occurred in Marin County.

**DEFENDANTS**

12.     **SpatiaLight, Inc**. is a New York corporation headquartered in Novata, California that develops and supplies high-resolution liquid crystal on silicon microdisplays for high definition televisions.  SpatiaLight is a reporting company and has a class of securities registered under Section 12(g) of the Exchange Act.  During the relevant time period, SpatiaLight's stock was traded on NASDAQ.

13.     **Robert Olins**, 51, resides in Mill Valley, California.  Olins became a director of SpatiaLight in 1998, became acting CEO in June 2000 and served as CEO from early 2003 until he resigned November 2006.  At certain times during the relevant time period, Olins also served as Corporate Secretary, Treasurer and Principal Financial and Accounting Officer.  Olins continues to

1   serve as a consultant to the Company until January 2008.  During the relevant time period, Olins

2   owned approximately 20 percent of outstanding SpatiaLight stock.

3       14.    **Argyle Capital Management Corporation** is a private money-management company

4   wholly-owned and operated by Olins.

5

6                               **FACTUAL ALLEGATIONS**

7   A.    **SpatiaLight and Olins Made Materially False and Misleading Statements in
           Registration Statements Filed with the Commission**

8

9       15.    In January 2005, SpatiaLight filed two registration statements with the Commission.

10  One was a "shelf" registration statement and the other was a "resale" registration statement for shares

11  underlying convertible notes that were the subject of a financing transaction that SpatiaLight entered

12  into in November 2004 (the "November 2004 financing").

13      16.    In the November 2004 financing, SpatiaLight issued $10 million of senior secured

14  convertible notes to four institutional investors (the "noteholders") in a private placement.

15  SpatiaLight agreed to file a registration statement for the resale of shares issuable upon conversion of

16  the notes and to have the registration statement declared effective by April 20, 2005.  SpatiaLight had

17  an additional 60 days (until June 20, 2005) after this deadline before being declared in default and

18  subjected to liquidated damages equal to one percent of the purchase price of the notes, plus an

19  additional one percent of the purchase price for each month thereafter until the registration statement

20  was declared effective.  The aggregate purchase price was $10 million, so SpatiaLight would be

21  subject to an initial $100,000 penalty plus an additional $100,000 for every 30 days it was in default

22  (the "default penalties").

23      17.    Between January and May 2005, SpatiaLight filed several amendments to the

24  registration statements.  For the initial filings and each set of amended filings, SpatiaLight obtained

25  new consents authorizing SpatiaLight to incorporate by reference the Former Auditor's audit reports.

26

27

28

18.     The Former Auditor informed Olins that it required a new consent each time SpatiaLight made a filing that incorporated by reference the Former Auditor's reports. Furthermore, as part of the process for obtaining a new consent, Olins provided a management representation letter, as required by the Former Auditor, for each registration statement filing between January and May 2005.

19.     As of June 20, 2005, the registration statements had not been declared effective by the Commission. On June 23, 2005, the Former Auditor informed SpatiaLight that, until outstanding invoices were paid, it would not perform any additional work on the registration statements, including providing consents.

20.     On July 13, 2005, SpatiaLight submitted to be filed another round of amendments to the registration statements. However, SpatiaLight did not include a new consent as it had done with previous amendments because it knew the Former Auditor had not given, and would not give, the consent. Instead, the Company filed amendments that contained an asterisk notation indicating that the consents had been "previously filed."

21.     On July 22, 2005, the Commission's Division of Corporation Finance advised SpatiaLight that it must include a currently signed and dated consent from the Former Auditor.

22.     On July 26, 2005, SpatiaLight submitted to be filed another round of amendments to the registration statements. The July 26, 2005 filings were not declared effective, however, because the consents were signed but not dated. The Division of Corporation Finance issued an oral comment to the Company on July 27, again communicating the need for currently signed and dated consents.

23.     On July 27, 2005, SpatiaLight filed the final amendments to the registration statements, which the Commission declared effective on July 29, 2005. Olins signed the registration statements as CEO, Principal Financial and Accounting Officer, Secretary, Treasurer and Director. Olins also signed, as attorney-in-fact, on behalf of the other SpatiaLight directors. Olins included

1    with these registration statements consents, which included the Former Auditor's conformed

2    electronic signatures. These consents were dated July 26, 2005.

3

4          24.     Olins knew, or was reckless in not knowing, that SpatiaLight had not resolved the

5    billing dispute with the Former Auditor, and the Former Auditor had not given SpatiaLight

6    authorization to include the consents. Furthermore, Olins had not provided a management

7    representation letter to the Former Auditor.

8          25.     By filing the forged consents, SpatiaLight falsely represented that its Former Auditor

9    had allowed the Company to incorporate by reference its past financial statements.

10         26.     Furthermore, by filing the forged consents, SpatiaLight avoided having to incur the

11    substantial default penalties described above.

12         27.     Thus, Olins knew, or was reckless in not knowing, that the registration statements he

13

14    signed and filed on July 27, 2005 contained materially false and misleading statements.

15         28.     SpatiaLight failed to maintain an adequate system of internal controls related to

16    obtaining consents from its auditors

17      **B.**      **Olins Sold Shares on the Basis of Material, Non-Public Information**

18         29.     On at least two occasions, Olins committed insider trading by selling SpatiaLight

19    stock on the basis of material, non-public information. On both occasions, SpatiaLight's stock price

20

21    dropped when the information on which Olins traded became public. Through this conduct, Olins

22    breached his duties of trust and confidence to SpatiaLight's shareholders by trading on the basis of

23    confidential information he had acquired through his position as an officer and director of

24    SpatiaLight.

25

26

27

28

30.     On Wednesday, August 17, 2005, after discovering the unauthorized consents, the Former Auditor sent a letter to Olins demanding that SpatiaLight withdraw the unauthorized consents. The letter stated that the Former Auditor was not aware the registration statements had been filed, did not perform any due diligence prior to the filings and did not provide SpatiaLight the required consent to incorporate by reference the Former Auditor's opinion on SpatiaLight's prior financial statements. The letter further requested that SpatiaLight withdraw the registration statements by Tuesday, August 23, 2005.

31.     On Thursday, August 18, 2005, Olins sold 35,000 shares of SpatiaLight stock at $5.30 per share on the basis of material, non-public information. This sale was Olins' only sale between July 2005 and December 2005. At the time of these sales, the information contained in the Former Auditor's August 17 letter to SpatiaLight, including the request to withdraw the registration statements, was not publicly available.

32.     Olins sold these shares out of an E*Trade brokerage account he maintained in his own name. On his E*Trade account opening documents, Olins falsely represented that he was not an officer, director or 10 percent shareholder of a publicly-trade company.

33.     At 5:20 pm on August 23, 2005, SpatiaLight filed post-effective amendments to each of the registration statements withdrawing the consents, disclosing that SpatiaLight had filed the consents without receiving the requisite authorization from BDO. On the next trading day, August 24, the stock price fell, closing at $4.70 per share.

34.     Thus, Olins avoided losses of approximately $21,000.

35.     Olins' trades were also in violation of SpatiaLight's policies concerning officer, director and employee trading in SpatiaLight stock.

36.     Olins knew, or was reckless in not knowing, that his August 18, 2005 stock sales on the basis of material, non-public information were in breach of his duties of trust and confidence to SpatiaLight shareholders.

37.     On February 27 and 28, 2006, Olins sold a total of 35,556 shares at between $3.00 and $3.25 per share on the basis of material, non-public information.   These sales were Olins' only sales between December 2005 and July 2006.  Olins sold these shares out of his E*Trade brokerage account.

38.     On March 2, 2006, a news article reported that SpatiaLight's most significant customer was temporarily removing two products from its line, blaming uncertainty surrounding the ability to get parts from SpatiaLight.  That same day, the stock price closed at $2.67.

39.     Thus, Olins avoided losses of approximately $14,000.

40.     Olins' trades were also in violation of SpatiaLight's policies concerning officer, director and employee trading in SpatiaLight stock.

41.     Olins knew, or was reckless in not knowing, that his February 27 and 28, 2006 stock sales on the basis of material, non-public information were in breach of his duties of trust and confidence to SpatiaLight shareholders.

42.     Section 16(a) of the Exchange Act required Olins, as an officer and director of SpatiaLight, to report to the Commission changes in his ownership of Company stock on Form 4 within two business days of an acquisition or disposition of such stock.  Beginning in 1999, Olins had complied with this statutory requirement, filing dozens of Forms 4 reporting his stock transactions. However, Olins concealed the August 2005 and February 2006 sales by failing to report the sales on Form 4 until July 2006.

43.     When asked about his August 2005 and February 2006 sales, Olins asserted his Fifth Amendment rights and refused to testify.

**C.    Unregistered Sales of SpatiaLight Stock**

44.    In 1998, SpatiaLight received $1,188,000 in cash from Argyle in exchange for notes payable (the "Argyle note"). Both principal and interest were payable in common shares of SpatiaLight.

45.    In November 2004, the Argyle note was extended until December 2008 as consideration for Argyle entering into an agreement as part of the November 2004 financing.

46.    In January 2005, SpatiaLight issued 423,264 shares to Argyle as prepayment of interest on the Argyle note through December 2008. Olins, as CEO of SpatiaLight, directed SpatiaLight's transfer agent to issue the shares to Argyle without restrictive legend. There was no registration statement filed, nor was there a registration statement in effect, for this transaction.

47.    SpatiaLight failed to make and keep books, records and accounts that fairly reflected its stock issuances. Furthermore, SpatiaLight failed to maintain an adequate system of internal controls concerning its stock issuances.

48.    In February 2005, Argyle assigned the 423,264 shares to Olins. There was no registration statement filed, nor was there a registration statement in effect, for this transaction.

49.    Between April and June 2005, Olins sold the 423,264 shares for proceeds totaling more than $2.6 million. Olins concealed these sales by conducting the transactions in his E*Trade brokerage account. There was no registration statement filed, nor was there a registration statement in effect, for these transactions.

**D.    Olins Failed to Make, or was Delinquent in Making, Required Filings in Connection with the Receipt and Sale of SpatiaLight Stock**

**1.    Olins Failed to File Amendments to Schedule 13D**

50.    As required by Section 13(d) of the Exchange Act, and Rule 13d-2 thereunder, Olins, as a beneficial owner of more than five percent of SpatiaLight stock, filed a Schedule 13D with the Commission in November 1999.

51.    Olins also was required to file amendments to his Schedule 13D ("Schedule 13D/A") when a material change occurred in his SpatiaLight holdings.  A material change includes any increase or decrease in holdings equal to or greater than one percent of a company's total outstanding stock.  Between January 2000 and September 2004, Olin filed eight Schedule 13D amendments.

52.    However, Olins failed to file a Schedule 13D/A after receiving the 423,264 shares of SpatiaLight stock in February 2005.  As of January 26, 2005, SpatiaLight had 35,912,906 shares of common stock outstanding.  Thus, Olins was required to make this filing when he acquired more than 359,129 shares.

53.    Olins also failed to file a Schedule 13D/A after selling 447,578 shares of SpatiaLight stock between April and June 2005.  As of May 9, 2005, SpatiaLight had 35,925,406 share of commons stock outstanding.  Thus, Olins should have made the Schedule 13D/A filing when his sales exceeded 359,254 shares.

### 2.    Olins Failed to File Forms 4 and 5

54.    Section 16(a) of the Exchange Act, and Rule 16a-3(g) thereunder, required Olins, as an officer and director of SpatiaLight, to report to the Commission changes in his ownership of Company stock on Form 4 within two business days of an acquisition or disposition of such stock.  Rule 16a-3(f) of the Exchange Act requires that all transactions that should have been reported within the most recent year, but were not, be reported on a Form 5 within 45 days of the fiscal year end.

55.    Olins failed to report to the Commission on Forms 4 and 5, as required by Section 16(a) of the Exchange Act, the sale of 200,000 shares of SpatiaLight stock in more than 50 transactions between November 15 and November 30, 2004.  Olins sold these shares out of his E*Trade brokerage account.

56.    Olins failed to report to the Commission on Forms 4 and 5, as required by Section 16(a) of the Exchange Act, the sale of 447,578 shares of SpatiaLight stock in more than 130

1 | transactions from April 28 to June 2, 2005. Olins sold these shares out of his E*Trade brokerage

2 | account.

3 |             **3.    Olins was Delinquent in Filing Forms 4**

57.    Olins was delinquent in reporting on Form 4, as required by Section 16(a) of the

Exchange Act, the sale of 35,000 shares of SpatiaLight stock on August 17, 2005. These sales were

not reported until July 14, 2006. Olins sold these shares out of his E*Trade brokerage account.

58.    Olins was delinquent in reporting on Form 4, as required by Section 16(a) of the

Exchange Act, the sale of 35,556 shares of SpatiaLight stock on February 27 and 28, 2006. These

sales were not reported until July 14, 2006. Olins sold these shares out of his E*Trade brokerage

account.

        **E.    False Statements and Omissions in Filings Made with the Commission**

            **1.    SpatiaLight and Olins Made Materially False or Misleading Statements in an Amendment to a Current Report**

59.    SpatiaLight and Olins made materially false or misleading statements in a July 14,

2005 amendment to a Current Report filed on Form 8-K ("Form 8-K/A") with the Commission.

There, SpatiaLight represented that it relied on the exemption afforded by Section 4(2) of the

Securities Act when it issued the shares to Argyle because Argyle acquired the shares "for investment

purposes."

60.    Olins signed the Form 8-K/A as CEO and Principal Executive, Financial and

Accounting Officer of SpatiaLight.

61.    Olins knew, or was reckless in not knowing, at the time of signing the Form 8-K/A in

July 2005, that Argyle had not acquired the shares for investment purposes. In fact, at the time of the

filing, Olins already had sold all of the shares out of his E*Trade account. Furthermore, Olins knew,

or was reckless in not knowing, that the shares had been issued without restrictive legend to facilitate

the immediate transfer and sale of those shares.

62.    When questioned about this filing, Olins asserted his Fifth Amendment rights and refused to testify.

### 2.    SpatiaLight and Olins Made Materially False or Misleading Statements in Annual Reports and Proxy Statements

63.    SpatiaLight and Olins made materially false and misleading statements in the Annual Report and five amendments filed on Form 10-K for fiscal year 2004, and in the May 2005 Proxy Statement. These filings represented that, in 2004, Olins was delinquent in filing two Forms 4, but that all other reports required by Section 16(a) of the Exchange Act were filed in a timely manner.

64.    This statement was materially false and misleading because, as alleged above, Olins failed to file any Forms 4 reporting the sale of 200,000 shares of SpatiaLight stock in more than 50 transactions between November 15 and November 30, 2004.

65.    As required by Exchange Act Rule 13a-14, Olins signed certifications to the 2004 Form 10-K and each amendment thereto certifying that the filings did not contain any untrue statement of a material fact or omit to state a material fact necessary to make the statements made, in light of the circumstances under which such statements were made, not misleading.

66.    SpatiaLight and Olins also made materially false and misleading statements in the Annual Report and one amendment for fiscal year 2005, and in the May 2006 Proxy Statement. In addition, SpatiaLight made false and misleading statements in a second amendment to the Annual Report for fiscal year 2005. These filings reported that, in 2005, all reports required by Section 16(a) of the Exchange Act were filed in a timely manner.

67.    This statement was materially false and misleading because, as alleged above, Olins failed to report on Form 4 the sale of nearly 450,000 shares of SpatiaLight stock in approximately 130 transactions between April and June 2005 as well as the sale of 35,000 shares of SpatiaLight stock in August 2005.

68.     As required by Exchange Act Rule 13a-14, Olins signed certifications to the 2005 Form 10-K and one amendment certifying that the filings did not contain any untrue statement of a material fact or omit to state a material fact necessary to make the statements made, in light of the circumstances under which such statements were made, not misleading.

69.     When questioned about these filings, Olins asserted his Fifth Amendment rights and refused to testify.

### FIRST CLAIM FOR RELIEF

*(Violations of Sections 5(a) and 5(c) of the Securities Act*
*by Defendants SpatiaLight, Olins and Argyle)*

70.     The Commission realleges and incorporates by reference paragraphs 1 through 69 above.

71.     By engaging in unregistered distributions of SpatiaLight stock, SpatiaLight, Olins and Argyle, directly or indirectly, made use of means or instruments of transportation or communication in interstate commerce or of the mails, to offer to sell or to sell securities, or to carry or cause such securities to be carried through the mails or in interstate commerce for the purpose of sale or for delivery after sale.

72.     No registration statement has been filed with the Commission or has been in effect with respect to any of the sales alleged above.

73.     By reason of the foregoing, SpatiaLight, Olins and Argyle violated, and unless restrained and enjoined will to continue to violate, Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. §§ 77e(a) and (c)].

**SECOND CLAIM FOR RELIEF**

*(Violations of Section 10(b) of the Exchange Act and Rule 10b-5
Thereunder by Defendants SpatiaLight and Olins)*

74.    The Commission realleges and incorporates by reference paragraphs 1 through 69 above.

75.    By making materially false and misleading statements in filings made with the Commission, SpatiaLight and Olins, directly or indirectly, in connection with the purchase or sale of securities, by the use of means or instrumentalities of interstate commerce, or the mails, with scienter: (a) employed devices, schemes, or artifices to defraud; (b) made untrue statements of material facts or omitted to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaged in acts, practices, or courses of business which operated or would operate as a fraud or deceit upon other persons, including purchasers and sellers of securities.

76.    In addition, in breach of fiduciary duties or similar duties of trust and confidence that Olins owed to the shareholders of SpatiaLight, and on the basis of material, non-public information, Olins sold shares of SpatiaLight common stock in August 2005 and February 2006.

77.    By reason of the foregoing, SpatiaLight and Olins have violated, and unless restrained and enjoined, will continue to violate Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

**THIRD CLAIM FOR RELIEF**

*(Violations of Section 17(a)(1) of the Securities Act by
Defendants SpatiaLight and Olins)*

78.    The Commission realleges and incorporates by this reference Paragraphs 1 through 69 above.

79.    By making false or misleading statements in registration statements filed with the Commission, SpatiaLight and Olins, directly or indirectly, in the offer or sale of securities, by use of

COMPLAINT                        -15-

1 | the means or instruments of transportation or communication in interstate commerce or by use of the

2 | mails with scienter employed devices, schemes, or artifices to defraud.

3 |       80.    By reason of the foregoing, SpatiaLight and Olins violated, and unless restrained and

4 | enjoined, will continue to violate Section 17(a)(1) of the Securities Act [15 U.S.C. § 77q(a)].

### FOURTH CLAIM FOR RELIEF

*(Violations of Sections 17(a)(2) and (3) of the Securities Act*
*by Defendants SpatiaLight and Olins)*

81.    The Commission realleges and incorporates by this reference Paragraphs 1 through 69 above.

82.    By making false or misleading statements in registration statements filed with the Commission, SpatiaLight and Olins, directly or indirectly, in the offer or sale of securities, by use of the means or instruments of transportation or communication in interstate commerce or by use of the mails: (a) obtained money or property by means of untrue statements of material fact or by omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (b) engaged in transactions, practices, or courses of business which operated or would operate as a fraud or deceit upon the purchasers.

83.    By reason of the foregoing, SpatiaLight and Olins have violated, and unless restrained and enjoined, will continue to violate Sections 17(a)(2) and (3) of the Securities Act [15 U.S.C. §§ 77q(a)(2) and (3)].

### FIFTH CLAIM FOR RELIEF

*(False Periodic Reports – Violations of, and Aiding and Abetting Violations of,*
*Section 13(a) of the Exchange Act and Exchange Act Rules 12b-20, 13a-1 and 13a-11*
*by Defendants SpatiaLight and Olins)*

84.    The Commission realleges and incorporates by this reference Paragraphs 1 through 69 above.

85.    By making false and misleading statements in Annual and Current Reports filed with the Commission, SpatiaLight violated Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and

Rules 12b-20, 13a-1, and 13a-11 thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1, and 240.13a-11],

which obligate issuers of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C.

§ 78l] to file with the Commission accurate annual and current reports.

86.    By reason of the foregoing, SpatiaLight violated Section 13(a) of the Exchange Act

[15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-1, and 13a-11 thereunder [17 C.F.R. §§ 240.12b-20,

240.13a-1, and 240.13a-11].   Unless restrained and enjoined, SpatiaLight will continue to violate

Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-1, and

13a-11thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1, and 240.13a-11].

87.    Based on the conduct alleged above, Olins knowingly provided substantial assistance

to SpatiaLight's filing of materially false and misleading reports with the Commission.

88.    By reason of the foregoing, Olins aided and abetted violations by SpatiaLight of

Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-1, and 13a-11

thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1, and 240.13a-11].   Unless restrained and enjoined,

Olins will continue to aid and abet such violations.

## SIXTH CLAIM FOR RELIEF

*(False Certifications – Violations of Rule 13a-14 of the Exchange Act*
*by Defendant Olins)*

89.    The Commission realleges and incorporates by this reference Paragraphs 1 through 69

above.

90.    Based on the conduct alleged above, Olins signed, as SpatiaLight's CEO,

certifications pursuant to Rule 13a-14 of the Exchange Act [17 C.F.R. § 240.13a-14] that were

included in 2004 and 2005 annual reports and amendments filed on Forms 10-K and contained untrue

statements of material fact or omitted to state material facts necessary to make the statements made,

in light of the circumstances under which such statements were made, not misleading.

91.     By reason of the foregoing, Olins violated Rule 13a-14 of the Exchange Act [17 C.F.R. § 240.13a-14].  Unless restrained and enjoined, Olins will continue to violate Rule 13a-14 of the Exchange Act [17 C.F.R. § 240.13a-14].

### SEVENTH CLAIM FOR RELIEF

*(Inaccurate Books and Records – Violations of, and Aiding and Abetting Violations of, Section 13(b)(2)(A) of the Exchange Act by Defendants SpatiaLight and Olins)*

92.     The Commission realleges and incorporates by this reference Paragraphs 1 through 69 above.

93.     In connection with its issuances of stock to Argyle, SpatiaLight violated Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)], which obligates issuers of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78*l*] to make and keep books, records and accounts which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer.

94.     By reason of the foregoing, SpatiaLight violated Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)].  Unless restrained and enjoined, SpatiaLight will continue to violate Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)].

95.     By engaging in the conduct alleged above, Olins knowingly provided substantial assistance to SpatiaLight's failure to make and keep books, records and accounts which, in reasonable detail, accurately and fairly reflect its transactions and dispositions of its assets.

96.     By reason of the foregoing, Olins aided and abetted violations by SpatiaLight of Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)].  Unless restrained and enjoined, Olins will continue to aid and abet such violations.

## EIGHTH CLAIM FOR RELIEF

*(Inadequate Internal Accounting Controls – Violations of, and Aiding and Abetting Violations of, Section 13(b)(2)(B) of the Exchange Act by Defendants SpatiaLight and Olins)*

97.     The Commission realleges and incorporates by this reference Paragraphs 1 through 69 above.

98.     In connection with filing forged auditor consents and its issuances of stock to Argyle, SpatiaLight violated Section 13(b)(2)(B) of the Exchange Act [15 U.S.C. § 78m(b)(2)(B)], which obligates issuers of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78*l*] to devise and maintain a sufficient system of internal accounting controls.

99.     By reason of the foregoing, SpatiaLight violated Section 13(b)(2)(B) of the Exchange Act [15 U.S.C. § 78m(b)(2)(B)].  Unless restrained and enjoined, SpatiaLight will continue to violate Section 13(b)(2)(B) of the Exchange Act [15 U.S.C. § 78m(b)(2)(B)].

100.     By engaging in the conduct alleged above, Olins knowingly provided substantial assistance to SpatiaLight's failure to devise and maintain a sufficient system of internal accounting controls.

101.     By reason of the foregoing, Olins has aided and abetted violations by SpatiaLight of Section 13(b)(2)(B) of the Exchange Act [15 U.S.C. § 78m(b)(2)(B)].  Unless restrained and enjoined, Olins will continue to aid and abet such violations.

## NINTH CLAIM FOR RELIEF

*(Falsifying Books and Records or Circumventing Internal Accounting Controls – Violation of Section 13(b)(5) of the Exchange Act by Defendant Olins)*

102.     The Commission realleges and incorporates by this reference Paragraphs 1 through 69 above.

103.     In connection with filing the forged auditor consent and SpatiaLight's issuances of stock to Argyle, Olins knowingly circumvented, or knowingly failed to implement, a system of internal accounting, or knowingly falsified certain books, records, and accounts.

104. By reason of the foregoing, Olins violated, and unless restrained and enjoined will continue to violate, Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)]

## TENTH CLAIM FOR RELIEF

*(False Proxy Statements – Violations of, and Aiding and Abetting Violations of, Section 14(a) of the Exchange Act and Exchange Act Rule 14a-9 by Defendants SpatiaLight and Olins)*

105. The Commission realleges and incorporates by this reference Paragraphs 1 through 69 above.

106. By making false representations concerning Olins' Exchange Act Section 16(a) reporting, SpatiaLight violated Section 14(a) of the Exchange Act [15 U.S.C. § 78n(a)] and Rule 14a-9 thereunder [17 C.F.R. § 240.14a-9], which prohibits solicitations by means of a proxy statement, form of proxy, notice of meeting or other communication, written or oral, that contain a statement which, at the time and in the light of the circumstances under which it was made, was false or misleading with respect to any material fact, or which omit to state any material fact necessary in order to make the statements therein not false or misleading or necessary to correct any statement in any earlier communication with respect to the solicitation of a proxy for the same meeting or subject matter which had become false or misleading.

107. By reason of the foregoing, SpatiaLight violated Section 14(a) of the Exchange Act [15 U.S.C. § 78n(a)] and Rule 14a-9 thereunder [17 C.F.R. § 240.14a-9] thereunder. Unless restrained and enjoined, SpatiaLight will continue to violate Section 14(a) of the Exchange Act [15 U.S.C. § 78n(a)] and Rule 14a-9 thereunder [17 C.F.R. § 240.14a-9].

108. By engaging in the conduct alleged above, Olins knowingly provided substantial assistance to SpatiaLight's false or misleading proxy statements.

109. By reason of the foregoing, Olins has aided and abetted violations by SpatiaLight of Section 14(a) of the Exchange Act [15 U.S.C. § 78n(a)] and Rule 14a-9 thereunder [17 C.F.R. § 240.14a-9]. Unless restrained and enjoined, Olins will continue to aid and abet such violations.

**ELEVENTH CLAIM FOR RELIEF**

*(Beneficial Ownership Reporting – Violations of Section 13(d) of the Exchange Act and Exchange Act Rule 13d-2(a) Thereunder by Defendant Olins)*

110.    The Commission realleges and incorporates by reference Paragraphs 1 through 69 above.

111.    By failing to amend his Schedule 13D upon the receipt and sale of SpatiaLight stock in 2005, Olins violated Section 13(d) of the Exchange Act [15 U.S.C. 78m(d)] and Rule 13d-2(a) thereunder [17 C.F.R. § 240.13d-2(a)], which require any person who, directly or indirectly, acquires the beneficial ownership of more than five percent of any equity security of a call which is registered pursuance to Exchange Act Section 12 to file a Schedule 13D within 10 days, and to file an amendment promptly if any material change occurs.

112.    By reason of the foregoing, Olins violated, and unless restrained and enjoined will continue to violate, Section 13(d) of the Exchange Act [15 U.S.C. 78m(d)] and Rule 13d-2(a) thereunder [17 C.F.R. § 240.13d-2(a)] thereunder.

**TWELFTH CLAIM FOR RELIEF**

*(Beneficial Ownership Reporting - Violations of Section 16(a) of the Exchange Act and Rule 16a-3 Thereunder by Defendant Olins)*

113.    The Commission realleges and incorporates by this reference Paragraphs 1 through 69 above.

114.    By not reporting, or failing to report in a timely manner, his sales of SpatiaLight stock, Olins violated Section 16(a) of the Exchange Act [15 U.S.C. § 78p(a)] and Rule 16a-3 [17 C.F.R. § 240.16a-3] thereunder, which require officers, directors and beneficial owners of more than ten percent of any class of equity security registered pursuant to Exchange Act Section 12 [15 U.S.C § 78l] to file periodic reports disclosing any change of beneficial ownership of those securities.

115.    By reason of the foregoing, Olins violated and, unless restrained and enjoined, will continue to violate, Section 16(a) of the Exchange Act [15 U.S.C. § 78p(a)] and Rule 16a-3 [17 C.F.R. § 240.16a-3] thereunder.

**PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests that this Court:

I.

Find that Defendants SpatiaLight, Olins and Argyle committed the violations alleged;

II.

Permanently enjoin SpatiaLight from directly or indirectly violating Sections 5(a), 5(c) and 17(a) of the Securities Act [15 U.S.C. §§ 77e(a) and (c) and 77q(a)] and Sections 10(b), 13(a), 13(b)(2)(A), 13(b)(2)(B), and 14(a) of the Exchange Act [15 U.S.C. §§ 78j(b), 78m(a), 78m(b)(2)(A), 78m(b)(2)(B), and 78n(a)], and Rules 10b-5, 12b-20, 13a-1, 13a-11, and 14a-9 thereunder [17 C.F.R. §§ 240.10b-5, 240.12b-20, 240.13a-1, 240.13a-11, and 240.14a-9];

III.

Permanently enjoin Olins from directly or indirectly violating Sections 5(a), 5(c) and 17(a) of the Securities Act [15 U.S.C. §§ 77e(a) and (c) and 77q(a)] and Sections 10(b), 13(b)(5), 13(d) and 16(a) of the Exchange Act [15 U.S.C. §§ 78j(b), 78m(b)(5), 78m(d), and 78p(a)], and Rules 10b-5, 13a-14, 13d-2(a), and 16a-3 thereunder [17 C.F.R. §§ 240.10b-5, 240.13a-14, 240.13d-2(a), and 240.16a-3], and from aiding and abetting violations of Sections 13(a), 13(b)(2)(A), 13(b)(2)(B), and 14(a) of the Exchange Act [15 U.S.C. §§ 78m(a), 78m(b)(2)(A), 78m(b)(2)(B), and 78n(a)] and Rules 12b-20, 13a-1, 13a-11 and 14a-9 thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11, and 240.14a-9];

IV.

Permanently enjoin Argyle from directly or indirectly violating Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. §§ 77e(a) and (c)];

V.

Order SpatiaLight, Olins and Argyle to pay civil penalties pursuant to Section 20(d) of the

Securities Act [15 U.S.C. § 77t(d)] and Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)];

VI.

Order Olins to pay civil penalties pursuant to Section 21A(a) of the Exchange Act [15 U.S.C.

§ 78u-1(a)];

VII.

Order Olins and Argyle to disgorge any ill-gotten gains, including prejudgment interest;

VIII.

Prohibit Olins, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)],

from serving as an officer or director of any entity having a class of securities registered with the

Commission pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78*l*] or that is required to file

reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)];

IX.

Retain jurisdiction of this action in accordance with the principles of equity and the Federal

Rules of Civil Procedure in order to implement and carry out the terms of all orders and decrees that

may be entered, or to entertain any suitable application or motion for additional relief within the

jurisdiction of this Court; and

X.

Grant such other and further relief as this Court may determine to be just and necessary.

DATED: December 19, 2007          Respectfully Submitted,


                                  /s/
                                  _____
                                  Dean M. Conway
                                  Antonia Chion
                                  Daniel Chaudoin
                                  Jeffrey P. Weiss
                                  Amie K. Long
                                  Attorneys for Plaintiff
                                  SECURITIES AND EXCHANGE COMMISSION