1  MICHAEL VON LOEWENFELDT (178665)
   ADRIAN J. SAWYER (203712)
2  **KERR & WAGSTAFFE LLP**
   100 Spear Street, Suite 1800
3  San Francisco, CA 94105–1528
   Telephone: (415) 371-8500
4  Fax: (415) 371-0500

5  Attorneys for Defendants
   ROBERT OLINS and
6  ARGYLE CAPITAL MANAGEMENT CORP.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiffs, <br> v. <br><br> ROBERT OLINS, SPATIALIGHT, INC. and ARGYLE CAPITAL MANAGEMENT CORP., <br><br> Defendants, | Case No. C 07-06423 MMC <br><br> **ANSWER BY DEFENDANT ARGYLE CAPITAL MANAGEMENT CORP.** <br><br> Hon. Maxine M. Chesney |

KERR & WAGSTAFFE LLP

CASE NO. C-07-6423 MMC                                  ANSWER BY ARGYLE CAPITAL MANAGEMENT CORP.

1    Defendant Argyle Capital Management Corp. ("Defendant"), for itself and no other defendant, answers Plaintiff United States Securities and Exchange Commission's Complaint, filed December 20, 2007, as follows:

As an initial matter, Defendant states that subheadings of the Complaint are argument and require no response. To the extent a response is required, Defendant denies the allegations in the subheadings.

1.  Defendant admits that Olins is the former CEO of Spatialight, Inc. ("Spatialight"), and that he is sole owner and director of Defendant. Except as expressly admitted, Defendant denies the allegations of this paragraph.

2.  Defendant denies the allegations of this paragraph.

3.  Defendant admits that Spatialight filed two registration statements in July 2005, and that Olins signed each registration statement. Except as expressly admitted, Defendant denies the allegation of this paragraph.

4.  Defendant denies the allegations of this paragraph.

5.  Defendant denies the allegations of this paragraph.

6.  Answering Paragraph 6 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the E-Trade account opening documents, and on that basis denies them. Defendant denies the remaining allegations of this paragraph.

7.  Defendant denies the allegations of this paragraph.

8.  Defendant admits that Plaintiff purports to seek an injunction, disgorgement, civil monetary penalties, and a director and officer bar. Except as expressly admitted, Defendant denies the allegation of this paragraph.

9.  Defendant admits that this Court has jurisdiction over this action.

10. Defendant admits that venue is properly lain in this district.

11. Defendant admits that intradistrict assignment to the San Francisco division is proper.

12. Defendant admits the allegations of this paragraph.

KERR & WAGSTAFFE LLP

- 1 -

CASE NO. C-07-6423 MMC                    ANSWER BY ARGYLE CAPITAL MANAGEMENT CORP.

1      13.    Defendant denies that Olins is a resident of Mill Valley, California, denies that Olins served as a consultant to Spatialight until January 2008, and denies that Olins owned approximately 20 percent of outstanding Spatialight stock during the relevant period. Defendant admits the remaining allegations of this paragraph.

14.    Defendant admits the allegations of this paragraph.

15.    Defendant admits the allegations of this paragraph.

16.    Defendant admits that Spatialight issued $10 million of senior secured convertible notes to institutional investors in a private placement in November 2004. Except as expressly admitted, Defendant denies the allegation of this paragraph.

17.    Defendant admits the allegations of this paragraph.

18.    Defendant lacks knowledge or information sufficient to form a belief in the truth of the allegations of the first sentence of this paragraph, and on that basis denies them. Defendant admits the allegations of the second sentence of this paragraph. Except as expressly admitted, Defendant denies the allegation of this paragraph.

19.    Defendant admits that as of June 20, 2005, the registration statements had not been declared effective by the Commission, and that the Former Auditor withheld consents because of a billing dispute. Except as expressly admitted, Defendant denies the allegation of this paragraph.

20.    Defendant admits that Spatialight submitted to be filed another round of amendments to the registration statements on July 13, 2005. Defendant further admits that Spatialight included an asterisked notation that consents had been previously filed. Except as expressly admitted, Defendant denies the allegation of this paragraph.

21.    Defendant admits the allegations of this paragraph.

22.    Defendant admits that Spatialight submitted to be filed another round of amendments to the registration statements on July 26, 2005. Defendant lacks knowledge or information sufficient to form a belief in the truth of the remaining allegations of this paragraph, and on that basis denies those allegations.

KERR & WAGSTAFFE LLP

- 2 -

CASE NO. C-07-6423 MMC      ANSWER BY ARGYLE CAPITAL MANAGEMENT CORP.

1    23.    Defendant admits the allegations of the first, second, third, and fifth sentences of this paragraph.  Defendant denies the allegations of the fourth sentence of this paragraph.  Except as expressly admitted, Defendant denies the allegation of this paragraph.

24.    Defendant denies the allegations of this paragraph.

25.    Defendant denies the allegations of this paragraph.

26.    Defendant denies the allegations of this paragraph.

27.    Defendant denies the allegations of this paragraph.

28.    Defendant denies the allegations of this paragraph.

29.    Defendant denies the allegations of this paragraph.

30.    Defendant states that the letter referenced in this paragraph speaks for itself, and denies any allegation inconsistent therewith.

31.    Defendant admits the transaction alleged in this paragraph, and admits that Olins sold no other shares of Spatialight stock between July 2005 and December 2005.  Defendant denies that the sale was on the basis of material, non-public information.  Defendant lacks knowledge or information sufficient to form a belief in the truth of the remaining allegations of this paragraph, and on that basis denies them.

32.    Defendant admits that the shares were sold out of an E*Trade account maintained in Olins' name.  Defendant does not have a copy of the account opening documents, and so lacks knowledge or information sufficient to form a belief in the truth of the remaining allegations of this paragraph, and on that basis denies them.

33.    Defendant states that the post-effective amendments referenced in this paragraph speak for themselves, and denies any allegation inconsistent therewith.  Defendant admits that Spatialight closed at $4.70 per share on August 24, 2005.  Except as expressly admitted, Defendant denies the allegations of this paragraph.

34.    Defendant denies the allegations of this paragraph.

35.    Defendant denies the allegations of this paragraph.

36.    Defendant denies the allegations of this paragraph.

KERR & WAGSTAFFE LLP

- 3 -

CASE NO. C-07-6423 MMC    ANSWER BY ARGYLE CAPITAL MANAGEMENT CORP.

37.  Defendant admits the sales of Spatialight stock alleged in this paragraph, admits that they were Olins' only sales of Spatialight stock between December 2005 and July 2006, and admits that the shares were sold out of Olins' E*Trade account. Defendant denies that the sales were on the basis of material, non-public information. Except as expressly admitted, Defendant denies the allegations of this paragraph.

38.  Defendant states that the news article referenced in this paragraph speaks for itself, and denies any allegation inconsistent therewith. Defendant admits that Spatialight stock closed at $2.67 on March 2, 2006. Except as expressly admitted, Defendant denies the allegations of this paragraph.

39.  Defendant denies the allegations of this paragraph.

40.  Defendant denies the allegations of this paragraph.

41.  Defendant denies the allegations of this paragraph.

42.  Defendant states that the first sentence of this paragraph asserts a legal conclusion, and that therefore no response is required. Defendant admits that Olins filed Forms 4 during the period after 1999. Defendant denies the remaining allegations of this paragraph.

43.  Defendant admits the allegations of this paragraph.

44.  Defendant admits the allegations of this paragraph.

45.  Defendant admits the allegations of this paragraph.

46.  Defendant admits the allegations of this paragraph.

47.  Defendant denies the allegations of this paragraph.

48.  Defendant admits the allegations of this paragraph.

49.  Defendant admits the allegations of the first and third sentences. Defendant denies the allegations of the second sentence.

50.  Defendant admits the allegations of this paragraph.

51.  Defendant admits that the Schedule 13D amendments referenced in this paragraph were filed. The remainder of the paragraph states a legal conclusion, and no response is required.

KERR
WAGSTAFFE
LLP

- 4 -
CASE NO. C-07-6423 MMC                                                    ANSWER BY ARGYLE CAPITAL MANAGEMENT CORP.

1      52.    Defendant admits that no Schedule 13D/A was filed after it assigned Olins 436,264 of shares in February 2005.  Defendant admits the allegations of the second sentence.  The third sentence is a legal conclusion and requires no response.

    53.    Defendant admits that no Schedule 13D/A was filed after the transactions alleged in this paragraph.  Defendant admits the allegations of the second sentence.  The third sentence is a legal conclusion and requires no response.

    54.    This paragraph states a legal conclusion and requires no response.

    55.    Defendant admits the transactions alleged in this paragraph, admits the allegations of the last sentence of this paragraph, and admits that no Forms 4 and 5 were filed following the transactions.  Except as expressly admitted, Defendant denies the allegation of this paragraph.

    56.    Defendant admits the transactions alleged in this paragraph, admits the allegations of the last sentence of this paragraph, and admits that no Forms 4 and 5 were filed following the transactions.  Except as expressly admitted, Defendant denies the allegation of this paragraph.

    57.    Defendant admits the transactions alleged in this paragraph, admits the allegations of the last sentence of this paragraph, and admits that the transactions were reported on July 14, 2006.  Except as expressly admitted, Defendant denies the allegation of this paragraph.

    58.    Defendant admits the transactions alleged in this paragraph, admits the allegations of the last sentence of this paragraph, and admits that the transactions were reported on July 14, 2006.  Except as expressly admitted, Defendant denies the allegation of this paragraph.

    59.    Defendant states that the Form 8-K speaks for itself, and otherwise denies the allegations of this paragraph.

    60.    Defendant admits the allegations of this paragraph.

    61.    Defendant denies the allegations of this paragraph.

    62.    Defendant admits the allegations of this paragraph.

    63.    Defendant denies the allegations of this paragraph.

    64.    Defendant admits the allegations of this paragraph.

    65.    Defendant denies the allegations of this paragraph.

    66.    Defendant denies the allegations of this paragraph.

KERR & WAGSTAFFE LLP

- 5 -

CASE NO. C-07-6423 MMC    ANSWER BY ARGYLE CAPITAL MANAGEMENT CORP.

1    67.    Defendant admits the allegations of this paragraph.

2    68.    Defendant denies the allegations of this paragraph.

3    69.    Defendant denies the allegations of this paragraph.

4    70.    Defendant admits the allegations of this paragraph.

5    71.    Defendant admits the allegations of this paragraph.

### FIRST CLAIM FOR RELIEF

7    72.    Defendant incorporates by reference its responses to paragraphs 1-69 of the Complaint as though fully set forth herein.

9    73.    Defendant denies the allegations of this paragraph.

10   74.    Defendant denies the allegations of this paragraph.

11   75.    Defendant denies the allegations of this paragraph.

### SECOND CLAIM FOR RELIEF

13   76.    Defendant incorporates by reference its responses to paragraphs 1-73 of the Complaint as though fully set forth herein.

15   77.    This claim for relief is not asserted against Defendant, and Defendant is not required to respond.

17   78.    This claim for relief is not asserted against Defendant, and Defendant is not required to respond.

19   79.    This claim for relief is not asserted against Defendant, and Defendant is not required to respond.

### THIRD CLAIM FOR RELIEF

22   80.    Defendant incorporates by reference its responses to paragraphs 1-77 of the Complaint as though fully set forth herein.

24   81.    This claim for relief is not asserted against Defendant, and Defendant is not required to respond.

26   82.    This claim for relief is not asserted against Defendant, and Defendant is not required to respond.

28

KERR & WAGSTAFFE LLP

- 6 -
CASE NO. C-07-6423 MMC                    ANSWER BY ARGYLE CAPITAL MANAGEMENT CORP.

### FOURTH CLAIM FOR RELIEF

83. Defendant incorporates by reference its responses to paragraphs 1-80 of the Complaint as though fully set forth herein.

84. This claim for relief is not asserted against Defendant, and Defendant is not required to respond.

85. This claim for relief is not asserted against Defendant, and Defendant is not required to respond.

### FIFTH CLAIM FOR RELIEF

86. Defendant incorporates by reference its responses to paragraphs 1-83 of the Complaint as though fully set forth herein.

87. This claim for relief is not asserted against Defendant, and Defendant is not required to respond.

88. This claim for relief is not asserted against Defendant, and Defendant is not required to respond.

89. This claim for relief is not asserted against Defendant, and Defendant is not required to respond.

90. This claim for relief is not asserted against Defendant, and Defendant is not required to respond.

### SIXTH CLAIM FOR RELIEF

91. Defendant incorporates by reference its responses to paragraphs 1-88 of the Complaint as though fully set forth herein.

92. This claim for relief is not asserted against Defendant, and Defendant is not required to respond.

93. This claim for relief is not asserted against Defendant, and Defendant is not required to respond.

### SEVENTH CLAIM FOR RELIEF

94. Defendant incorporates by reference its responses to paragraphs 1-91 of the Complaint as though fully set forth herein.

KERR & WAGSTAFFE LLP

- 7 -
CASE NO. C-07-6423 MMC                ANSWER BY ARGYLE CAPITAL MANAGEMENT CORP.

1  95. This claim for relief is not asserted against Defendant, and Defendant is not required to respond.

2  96. This claim for relief is not asserted against Defendant, and Defendant is not required to respond.

3  97. This claim for relief is not asserted against Defendant, and Defendant is not required to respond.

4  98. This claim for relief is not asserted against Defendant, and Defendant is not required to respond.

## EIGHTH CLAIM FOR RELIEF

99. Defendant incorporates by reference its responses to paragraphs 1-96 of the Complaint as though fully set forth herein.

100. This claim for relief is not asserted against Defendant, and Defendant is not required to respond.

101. This claim for relief is not asserted against Defendant, and Defendant is not required to respond.

102. This claim for relief is not asserted against Defendant, and Defendant is not required to respond.

103. This claim for relief is not asserted against Defendant, and Defendant is not required to respond.

## NINTH CLAIM FOR RELIEF

104. Defendant incorporates by reference its responses to paragraphs 1-101 of the Complaint as though fully set forth herein.

105. This claim for relief is not asserted against Defendant, and Defendant is not required to respond.

106. This claim for relief is not asserted against Defendant, and Defendant is not required to respond.


KERR & WAGSTAFFE LLP

- 8 -
CASE NO. C-07-6423 MMC                                      ANSWER BY ARGYLE CAPITAL MANAGEMENT CORP.

**TENTH CLAIM FOR RELIEF**

107. Defendant incorporates by reference its responses to paragraphs 1-104 of the Complaint as though fully set forth herein.

108. This claim for relief is not asserted against Defendant, and Defendant is not required to respond.

109. This claim for relief is not asserted against Defendant, and Defendant is not required to respond.

110. This claim for relief is not asserted against Defendant, and Defendant is not required to respond.

111. This claim for relief is not asserted against Defendant, and Defendant is not required to respond.

**ELEVENTH CLAIM FOR RELIEF**

112. Defendant incorporates by reference its responses to paragraphs 1-109 of the Complaint as though fully set forth herein.

113. This claim for relief is not asserted against Defendant, and Defendant is not required to respond.

114. This claim for relief is not asserted against Defendant, and Defendant is not required to respond.

**TWELFTH CLAIM FOR RELIEF**

115. Defendant incorporates by reference its responses to paragraphs 1-112 of the Complaint as though fully set forth herein.

116. This claim for relief is not asserted against Defendant, and Defendant is not required to respond.

117. This claim for relief is not asserted against Defendant, and Defendant is not required to respond.

KERR & WAGSTAFFE LLP

- 9 -
CASE NO. C-07-6423 MMC                    ANSWER BY ARGYLE CAPITAL MANAGEMENT CORP.

**PRAYER FOR RELIEF**

Defendant denies each and every allegation of Plaintiff's prayer for relief, and specifically denies that Plaintiff is entitled to any relief of any kind whatsoever, and further prays for judgment as follows:

1. That Plaintiff take nothing by the Complaint;
2. That the Complaint be dismissed on the merits with prejudice;
3. That Defendant be awarded his costs of suit, including reasonable attorneys' fees; and
4. For such other and further relief as the Court deems just and proper.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

(failure to state a claim)

The FAC, and each purported count therein, fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

(exemption)

Plaintiffs' claims under Section 5 of the Securities Act, 15 U.S.C.§ 77e, are barred because the transactions were exempt under one or more of the exemptions set forth the Securities Act and rules promulgated thereunder, including but not limited to exemptions found in Sections 3 and 4 of the Securities Act, 15 U.S.C. §§ 77c & 77d, or Rule 144, 17 C.F.R. § 230.144.

**THIRD AFFIRMATIVE DEFENSE**

(good faith)

Plaintiffs' claims are barred, in whole or in part, because Defendant's actions complained of herein were in good faith, and neither willful nor intentional.

KERR & WAGSTAFFE LLP

- 10 -

CASE NO. C-07-6423 MMC                    ANSWER BY ARGYLE CAPITAL MANAGEMENT CORP.

### FOURTH AFFIRMATIVE DEFENSE

(penalties not warranted)

The complaint and each and every claim for relief therein fail to set forth allegations warranting civil penalties.

### FIFTH AFFIRMATIVE DEFENSE

(unenforceable injunction)

To the extent Plaintiff seeks an injunction against violations of the federal securities laws, such relief is barred because such an injunction would be unenforceable as a mere injunction to follow the law.

DATED: April 1, 2008

**KERR & WAGSTAFFE LLP**

By _____/s/_____
    ADRIAN J. SAWYER

Attorneys for Defendants
ROBERT OLINS and
ARGYLE CAPITAL MANAGEMENT CORP.

KERR & WAGSTAFFE LLP

\- 11 -

CASE NO. C-07-6423 MMC    ANSWER BY ARGYLE CAPITAL MANAGEMENT CORP.