1   DEAN M. CONWAY (D.C. BAR NO. 457433)
    DANIEL CHAUDOIN
2   JEFFREY P. WEISS
    AMIE K. LONG
3   **SECURITIES AND EXCHANGE COMMISSION**
    100 F. Street, N.E.
4   Washington, D.C. 20549-4010
    Telephone: (202) 551-4010 (Conway)
5   Fax: (202) 772-9246 (Conway)

6   Attorneys for Plaintiff

7   MICHAEL VON LOEWENFELDT (178665)
    ADRIAN J. SAWYER (203712)
8   **KERR & WAGSTAFFE LLP**
    100 Spear Street, Suite 1800
9   San Francisco, CA 94105–1528
    Telephone: (415) 371-8500
10  Fax: (415) 371-0500

11  Attorneys for Defendants
    ROBERT OLINS and
12  ARGYLE CAPITAL MANAGEMENT CORP.

13

14              **UNITED STATES DISTRICT COURT**

15            **NORTHERN DISTRICT OF CALIFORNIA**

16  SECURITIES AND EXCHANGE                Case No. C 07-06423 MMC (EDL)
    COMMISSION,
17                                         **JOINT REPORT OF PARTIES RE**
                                           **DOCUMENT DESTRUCTION**
18                     Plaintiff,
           v.
19                                         Hon. Elizabeth D. Laporte
    ROBERT OLINS, SPATIALIGHT, INC. and
20  ARGYLE CAPITAL MANAGEMENT CORP.,

21                     Defendants.

22

23

24

25

26

27

28

KERR
&
WAGSTAFFE
LLP

1    Pursuant to this Court's April 15, 2008 order, the United States Securities and Exchange

2  Commission ("SEC"), together with Defendants Robert Olins and Argyle Capital Management

3  Corp., ("Defendants") hereby respectfully submit the following joint report regarding the

4  destruction of SpatiaLight documents and records.

5

6                            **JOINT REPORT OF PARTIES**

7    On April 16, 2008, counsel for the SEC and counsel for Defendants toured the former

8  offices of SpatiaLight, Inc., in Novato, California.

9    The tour was prompted by reports of document destruction at SpatiaLight's former

10  offices.  SpatiaLight is in a no-asset bankruptcy and is not defending the present action.  The

11  parties understand that, without the knowledge of the SEC or Defendants to this action, a

12  recycling company removed and disposed of items from SpatiaLight's former offices.  Counsel

13  to the SEC and Defendants visited the offices to determine the extent of destruction and to

14  salvage what they could.

15    The parties searched room by room for documents, computers, and computer data storage

16  devices.  A total of six computers were located: one was found in the lobby/ reception area, two

17  were found in a room labeled "Laboratory 5," two were found in a room labeled "Laboratory 4,"

18  and one was found in a room labeled "Laboratory 3."

19    A search of a box primarily containing empty software packaging and screen shots of

20  computer error codes revealed four TDK Ultrium LTO 200/400 GB data cartridges, labeled as

21  follows: LT019 1/31/06; LTD33 4/13/06; LT017 6/5/06; LT021 6/7/06.  Inside that same box

22  were two Maxtor brand external hard drives. Scattered throughout the offices, in boxes and

23  drawers, were seven compact discs ("CDs") and 11 floppy disks.

24    Further investigation uncovered several file cabinets, bookshelves, and desk drawers that

25  had been completely cleaned out, and others that were filled end-to-end with documents.  Many

26  of the documents that remained onsite were technical in nature.

27    There was one office in particular which contained a significant number of documents.

28  That office had a name plate outside the door which read "Kathleen Mack."  Most of the

CASE NO. C 07-06423 MMC (EDL)                          JOINT REPORT OF PARTIES RE
                                                            DOCUMENT DESTRUCTION

1    documents appear to be related to quarterly financial information, draft SEC filings, and

2    corporate governance.  The parties packed 12 boxes (of various sizes) of documents found in

3    Kathleen Mack's office, as well as two boxes of SEC draft filings found in an adjacent

4    conference room.  Those boxes were shipped that same day to SEC headquarters in Washington,

5    D.C., to be copied and imaged.  The SEC will make available copies of these documents to

6    counsel for Defendants.

7        All of the computers and computer data storage devices located on April 16 were left at

8    the former SpatiaLight offices in the care of the property manager, Ann Weatherford.  Ms.

9    Weatherford also has in her possession two servers which were given to her by David Hakala,

10   former Chief Executive Officer of SpatiaLight.  The parties are informed and believe that these

11   servers belonged to SpatiaLight.  The above items remained onsite with the understanding that a

12   computer forensics team from the SEC would be arriving soon to collect and image the servers,

13   hard drives, tapes, CDs, and floppy disks.

14       The parties left the premises on April 16, 2008, having been told by the property manager

15   that the offices would remain untouched for an indefinite period of time.  However, on Monday,

16   April 21, 2008, the parties were informed by the landlord for the former SpatiaLight offices,

17   Hamilton Marin, LLC, that all remaining furniture and documents would be disposed of

18   immediately.

19       Accordingly, on April 22, 2008, with the knowledge of the SEC, counsel for Defendants

20   returned to the former SpatiaLight offices in an attempt to collect all remaining documents.  With

21   the assistance of the property manager and onsite maintenance personnel, counsel for the

22   Defendants was able to search all of the desk drawers, bookshelves, and cabinets which had been

23   inaccessible to the parties on April 16.  A search of that furniture revealed an additional five

24   external hard drives, 11 CDs, and eight floppy disks.  Four additional computers were located.

25   These items were collected and stored with the computers and data storage devices that were

26   retrieved on April 16, 2008, with the understanding that they would be gathered shortly by the

27   SEC forensics team for further analysis.

28

1        Counsel for Defendants collected and packed all remaining documents into 16 boxes.

2  These boxes were taken to the offices of Kerr & Wagstaffe, LLP, in San Francisco, CA, where

3  they will be preserved.

4        In total, the parties were able to retrieve 10 computers, seven external hard drives, 18

5  CDs, 19 floppy disks, four computer tapes, and 30 boxes of documents.  Whether any of these

6  computers contain working hard drives, and whether any of the tapes, CDs, floppy disks, tapes,

7  and external hard drives can be read by the SEC forensics team remains to be determined.  The

8  SEC computer forensics team is scheduled to image these items beginning April 30, 2008.  It is

9  impossible at this time for the parties to ascertain which documents have been preserved, and

10  which have been destroyed.  Defendants maintain that any prejudice Defendants may suffer as a

11  result of the destruction or loss of documents is not yet known, and Defendants do not waive the

12  right to examine the issue of document destruction during discovery.

13        It appears that a further court order for document preservation is unnecessary at this time.

14  The parties have taken steps to preserve documents, and those documents that have been

15  destroyed are not retrievable.

16

17

18

19

20

21

22

23

24

25

26

27

28

1 | DATED: April 25, 2008

2
                                        SECURITIES AND EXCHANGE
                                        COMMISSION

3
                                By ____/s/_____
4                                   DEAN M. CONWAY

5

6                                   Attorneys for Plaintiff
                                    SECURITIES AND EXCHANGE COMMISSION
7

8                                   SECURITIES AND EXCHANGE
                                    COMMISSION
9
                                By ____/s/_____
10                                  AMIE K. LONG

11

12                                  Attorneys for Plaintiff
                                    SECURITIES AND EXCHANGE COMMISSION
13

14                                  KERR & WAGSTAFFE LLP

15

16                              By _____/s/_____
                                    ADRIAN J. SAWYER
17

18                                  Attorneys for Defendants
                                    ROBERT OLINS and
19                                  ARGYLE CAPITAL MANAGEMENT CORP.

20

21

22

23

24

25

26

27

28

KERR
&
WAGSTAFFE
LLP

CASE NO. C 07-06423 MMC (EDL)

4