IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT OLINS, et al.,<br><br>Defendants.<br>_____/ | No. C-07-06423 MMC (EDL)<br><br>**ORDER DENYING MOTION TO QUASH** |

In December 2007, the SEC filed this suit against SpatiaLight, Robert Olins, and Argyle Capital Management Corp. Olins is the former CEO and board member of SpatiaLight. Argyle is solely owned by Olins. SpatiaLight is currently in bankruptcy. Defendants Olins and Argyle filed a motion to quash and a request for a protective order. In that motion, Olins asserts that the attorney-client privilege applies to notes, draft memoranda, and a final memorandum written by Melvin Katz, Esq. in October 2006 following his conversations with Olins and various other individuals, including Olins' counsel. At that time, Mr. Katz was employed by the Bryan Cave law firm, which previously represented SpatiaLight. SpatiaLight has waived privilege. The parties do not contest the relevancy of the evidence.

After the March 31, 2009 hearing on Defendants' motion to quash, the Court agreed to review the documents in camera to determine if the attorney-client privilege applies. As this is a federal question case, federal law governs attorney-client privilege. The party asserting the privilege has the burden of showing that the documents at issue relate to: (1) communications; 2) made in confidence; 3) by the client; 4) in the course of seeking legal advice; 5) from a lawyer in his capacity as such. Newport Pacific, Inc. v. County of San Diego, 200 F.R.D. 628, 630 (S.D. Cal. 2001); United States v. Martin, 278 F.3d 988, 999-1000 (9th Cir. 2002). The privilege applies when it is

invoked by the client and is not waived. Id. Having reviewed the documents, the Court has determined that they are not privileged, as they reveal that Olins did not call Katz to seek legal advice. Rather, the documents reveal that Olins contacted Katz to ascertain Katz's recollections about past events. To the extent Olins believed he was submitting confidential information to Katz, that belief was not reasonable. See, e.g., Nelson v. Green Builders, Inc., 823 F. Supp. 1439, 1445 (E.D. Wis. 1993) ("A party establishes an implied attorney-client relationship if it shows (1) that it submitted confidential information to a lawyer, and (2) that it did so with the reasonable belief that the lawyer was acting as the party's attorney."). Accordingly, Defendants' motion is DENIED. The SEC shall contact chambers in order to pick up the documents.

**IT IS SO ORDERED.**

Dated: April 1, 2009

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge