IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

ROBERT OLINS, et al.,

    Defendants.

No. C-07-06423 MMC (EDL)

**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**

On April 8, 2009, Defendants Robert Olins and Argyle Capital Management Corp. filed a motion for leave to file a motion for reconsideration of this Court's April 1, 2009 order denying Defendants' Motion to Quash. In seeking leave to file a motion for reconsideration, the moving party must show: "(1) that at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or (2) The emergence of new material facts or a change of law occurring after the time of such order; or (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." Civil L.R. 7-9(b).

Here, Defendants have failed to meet any of the above requirements. Neither the facts nor the law have changed since the hearing on Defendants' motion. Defendants were aware of the facts presented in their motion for leave at the time they filed their motion to quash. While Defendants' counsel asked the Court at the hearing for permission to submit a short ex parte letter to the Court highlighting and explaining certain aspects of the documents to guide the Court's in camera review, counsel for the Securities and Exchange Commission ("SEC") stated a preference for hearing those

points publicly in open Court. Defendants' counsel explained certain aspects of the documents in open Court, and the parties agreed that the Court could contact Defendants' counsel ex parte by telephone if questions arose during its in camera review. The Court found that the documents were self-explanatory and issued its order without any ex parte communication.

Defendants again highlight three aspects in Mr. Katz's memoranda and notes (the documents reviewed in camera): 1) how Mr. Olins began his conversation with Mr. Katz; 2) their discussion of another attorney; and 3) notes regarding a securities statute. The Court has already considered these aspects of the documents. Defendants also argue that Mr. Katz's notes are self-serving and inaccurate and omit certain parts of the telephone conversations, but their argument is largely based on speculation and does not rise to the level of holding an evidentiary hearing, which in any event was not timely requested. The Court has reviewed the documents, determined they are not privileged, and denies leave to file a motion for consideration.

Defendants' requests to supplement the record with their motion of reconsideration papers contained in Exhibit C to the Declaration of John Michael Vazquez is granted, in light of Defendants' intent to appeal this Court's decision.

**IT IS SO ORDERED.**

Dated: April 14, 2009

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge