IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

ROBERT OLINS, et al.,

    Defendants

No. C-07-6423 MMC

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT; DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

    Before the Court are two motions: (1) plaintiff Securities and Exchange Commission's ("Commission") Motion for Partial Summary Judgment, filed August 12, 2009, and (2) defendants Robert Olins ("Olins") and Argyle Capital Management Corporation's (collectively, "defendants") Motion for Partial Summary Judgment, filed September 25, 2009. Each motion has been fully briefed.[1] Having read and considered the papers submitted in support of and in opposition to the motion, the Court rules as follows.

**A.    The Commission's Motion**

    1. With respect to the First, Eleventh, and Twelfth Claims for Relief, by which the Commission alleges, respectively, violations of Sections 5(a) and (c) of the Securities Act of

---

[1] By order dated October 28, 2009, the previously scheduled hearing on the motions was vacated.

1 1933 ("Securities Act"), 15 U.S.C. § 77e(a) and (c); Section 13(d) of Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78m(d); and Section 16(a) and Rule 16a-3 of the Exchange Act, 15 U.S.C. § 78(p), 17 C.F.R. § 240.16a-3, the Commission, for the reasons stated in the papers filed in support of its motion, is entitled to summary judgment. Specifically, defendants concededly did not comply with the requirements of the above-referenced statutes and regulations, and defendants have failed to raise a triable issue as to their entitlement to any exemption. In that regard, the undisputed facts demonstrate, as a matter of law, that Olins was an affiliate of SpatiaLight, Inc.,[2] see Rule 144, 17 C.F.R. § 230.144 (2005) ("An 'affiliate' of an issuer is a person that . . . controls, or is controlled by, or is under common control with, such issuer"); Olins held the subject securities less than one year, see 17 C.F.R. § 230.144(d)(1) (2005) (setting forth holding-period requirement); and Olins admittedly did not file a Form 144, see SEC v. M & A West, Inc., 538 F.3d 1043, 1050-53 & n. 7 (9th Cir. 2008) (holding affiliate not eligible for exemption other than under Rule 144); 17 C.F.R. § 230.144 (2005) (requiring affiliate to file Form 144 to satisfy Rule 144 exemption).[3]

2. With respect to the relief sought, the Court finds defendants have raised a triable issue as to the Commission's entitlement to an injunction and prejudgment interest and finds the issue of disgorgement is appropriate for resolution on a more complete record. In particular, liability under Sections 5, 13(d), and 16(a) is predicated upon defendants' commission of the proscribed acts, see, e.g., S.E.C. v. Phan, 500 F.3d 895, 906 (noting "strict liability" applicable to Section 5), whereas imposition of an injunction and/or an award of prejudgment interest implicates additional considerations. See, e.g., M & A West, Inc.,

---

[2] See, e.g., Long Decl. Ex. 4 at 74, Ex. 7 at 18, Ex. 9 at SEC 020295; Long Reply Decl. Ex. 1 at 14:19-21 & 93:3-93:12, Ex. 2 at 33:2-19 & 95:19-96:7; Weiss Decl. Ex. A)

[3] The Court finds unpersuasive defendants' argument that a Rule 144 exemption is available to affiliates who fail to file a Form 144. As the Commission points out, Rule 144 requires the subject sale to be "made in accordance with all of the provisions of the section," see 17 C.F.R. § 230.144 (2005). Consequently, even assuming, arguendo, Olins held the subject securities for the requisite length of time, he is not entitled to an exemption under Rule 144.

538 F.3d at 1054 (holding finding as to likelihood of future violation dependent in part on scienter as well as assessment of credibility); Osternek v. Ernst & Whinney, 489 U.S. 169, 176 (1989) (noting determination of prejudgment interest requires consideration of factors such as "the degree of personal wrongdoing on the part of the defendant, . . . and other fundamental considerations of fairness"). While an analysis as to disgorgement does not necessarily include such additional considerations, see, e.g., SEC v. First City Financial Corp., 890 F.2d 1215 (D.C. Cir. 1989) (upholding order of disgorgement; rejecting argument that violation constituted "'technical' transgression of reporting rules"), a court's determination nonetheless may be informed thereby, see SEC v. Universal Express, Inc., 475 F. Supp. 2d 412, 434 (S.D. N.Y. 2007) (noting "decision to order any particular amount of disgorgement is best made on the fullest possible understanding of the scope of wrongdoing").

**B.     Defendants' Motion**

With respect to the First Claim for Relief, the Commission, as discussed above, is entitled to summary judgment; accordingly, defendants' motion for judgment on said claim will be denied. With respect to the Second through Sixth and Tenth Claims for Relief, defendants, for the reasons stated in the Commission's opposition, have failed to show they are entitled to summary judgment. In particular, a triable issue of fact exists as to both materiality and scienter.[4]  See, e.g., SEC v. Phan, 500 F.3d at 907-08 (noting "[m]ateriality typically cannot be determined as a matter of summary judgment because it depends on determining a hypothetical investor's reaction to the alleged misstatement'"); In re Apple Computer Securities Litigation, 886 F.2d 1109, 1113 (9th Cir. 1989) (observing "[m]ateriality and scienter are both fact-specific issues which should ordinarily be left to the trier of fact").

//

//

**CONCLUSION**

---

[4] See, e.g., Vazquez Decl. in Supp. Defs' Mot. Ex. 7 at 178, 191; Ex. 10; Ex. 11 at 19-20.

For the reasons stated above:

1. To the extent the Commission seeks summary judgment of liability on its First, Eleventh, and Twelfth Claims for Relief, the Commission's motion is hereby GRANTED; in all other respects, the Commission's motion for partial summary judgment is hereby DENIED.

2. Defendants' motion for partial summary judgment is hereby DENIED.

**IT IS SO ORDERED.**

Dated: November 2, 2009

MAXINE M. CHESNEY
United States District Judge