1 | DEAN M. CONWAY (Trial Counsel) (DC Bar No. 457433)
ConwayD@sec.gov
2 | DANIEL CHAUDOIN
JEFFREY P. WEISS
3 | AMIE K. LONG

4 | **SECURITIES AND EXCHANGE COMMISSION**
100 F Street, N.E.
5 | Washington, DC 20549-4010
Telephone: (202) 551-4412 (Conway)
6 | Facsimile: (202) 772-9246 (Conway)
Counsel for Plaintiff

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | Case No. CV-07-6423-MMC |
| Plaintiff, | [PROPOSED] JUDGMENT AS TO DEFENDANT ROBERT OLINS |
| vs. | |
| **ROBERT OLINS, SPATIALIGHT, INC. and ARGYLE CAPITAL MANAGEMENT CORP.,** | |
| Defendants. | |

The United States Securities and Exchange Commission having filed a Complaint and Robert Olins ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

JUDGMENT AS TO DEFENDANT
 ROBERT OLINS
*SEC v. Olins, et al*
Case No. CV-07-6423-MMC

**I.**

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

**II.**

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

### III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78(m)(b)(5)] by knowingly circumventing or knowingly failing to implement a system of internal accounting controls or by knowingly falsifying any book, record, or account described in Section 13(b)(2) of the Exchange Act [15 U.S.C. § 78m(2)].

### IV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DEGREED** that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Exchange Act Rule 13a-14 [17 C.F.R. § 240.13a-14], by falsely certifying that the Defendant has reviewed a periodic report containing financial statements which an issuer filed with the Commission pursuant to Section

13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and that, based on his knowledge, for the period covered by the report,

    (a)   the report does not contain any untrue statement of material fact or omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which such statements were made, not misleading; and

    (b)   the financial statements and other financial information included in the report fairly present in all material respects the issuer's financial condition, results of operations and cash flow.

## V.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Sections 13(a), 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act [15 U.S.C. §§ 78m(a), 78m(b)(2)(A) and 78m(b)(2)(B)] and Rules 12b-20, 13a-1, and 13a-11 thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1, and 240.13a-11], by knowingly providing substantial assistance to an issuer having securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l], or any issuer which is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)], by:

    (A)   filing or causing to be filed any report required to be filed with the Securities and Exchange Commission pursuant to Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and the rules and regulations promulgated thereunder, which contains any untrue statement of material fact, which omits to state any material fact necessary in

order to make the statements made, in light of the circumstances under which they were made, not misleading, or which omits to disclose any information required to be disclosed; or

    (B)    failing to make and keep books, records, and accounts which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer; or

    (C)    failing to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that: (1) transactions are executed in accordance with management's general or specific authorization; (2) transactions are recorded as necessary (a) to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements and (b) to maintain accountability for assets; (3) access to assets is permitted only in accordance with management's general or specific authorization; and (4) the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

## VI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 14(a) of the Exchange Act [15 U.S.C. §78n(a)] and Rule 14a-9 thereunder [17 C.F.R. §240.14a-9] by making solicitations by means of a proxy statement, form of proxy, notice of meeting or other

JUDGMENT AS TO DEFENDANT -5-
ROBERT OLINS
*SEC v. Olins, et al*
Case No. CV-07-6423-MMC

communication, written or oral, containing any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading or necessary to correct any statement in any earlier communication with respect to the solicitation of a proxy for the same meeting or subject matter which has become false or misleading.

## VII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, upon motion of the Commission, the Court shall determine whether it is appropriate to order an officer and director bar pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], and a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)], Section 21(d)(3) of the Exchange Act [15 U.S.C. §78ud(3)], and Section 21A(a) of the Exchange Act [15 U.S.C. § 78u-1(a)] and, if so, the amount of the civil penalty. In connection with the Commission's motion for an officer and director bar and a civil penalty, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint, except as to Count One of the Complaint (Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. §§ 77e(a) and (c)]); (b) Defendant may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court, except as to Count One of the Complaint (Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. §§ 77e(a) and (c)]); and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.

JUDGMENT AS TO DEFENDANT -6-
ROBERT OLINS
*SEC v. Olins, et al*
Case No. CV-07-6423-MMC

In connection with the Commission's motion for a civil penalty, the parties may take discovery, including discovery from appropriate non-parties.

## VIII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## IX.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

## X.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is directed to enter this Judgment forthwith and without further Notice.

Dated: __November 25__, _ 2009

_____
UNITED STATES DISTRICT JUDGE