IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

ROBERT OLINS, et al.,

    Defendants

No. C-07-6423 MMC

**ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION; DENYING AS MOOT DEFENDANTS' REQUEST FOR ODER PERMITTING INTERLOCUTORY APPEAL; VACATING TRIAL AND PRETRIAL CONFERENCE DATES**

Before the Court is defendants Robert Olins and Argyle Capital Management Corporation's "Motion for Leave to File a Motion for Reconsideration Pursuant to Local Rule 7-9 or Alternatively for an Amended Order Permitting an Interlocutory Appeal Under 28 U.S.C. § 1292(b)," filed November 12, 2009. Defendants have filed a supplemental brief in support thereof, and plaintiff SEC has filed opposition. Defendants seek to file a motion for reconsideration with respect to "the Court's November 2, 2009 Order ("Order") to the extent that it found [d]efendants liable under Claims 1, 11 and 12 for violation of Section 5 of the Securities Act of 1933." (See Mot. for Leave at 1:2-5.) Specifically, defendants contend the Court failed to analyze whether "even if [defendants] d[id] not meet Rule 144 . . . [defendants] fall[ ] outside the definition of underwriter based on statutory analysis," (see id. at 4:17-19) and that "the Court did not consider material facts relating to the holding period" (see id. at 3-5).

Contrary to defendants' contention, the Court did consider the issue whether defendants, apart from the Rule 144 safe harbor, fell outside the definition of an underwriter, but determined it need not reach that issue in light of its holding that defendant Robert Olins was an affiliate who, as such, was unable to rely on Section 4(1) and had failed to comply with the safe harbor provided by Rule 144. The Court also considered defendants' evidence and arguments regarding "how long [d]efendants 'held' the shares before selling them," (see Mot. for Leave at 6:8-9) and concluded Olins had "held the subject securities less than one year" (see Order at 2:10-11) but that even assuming, arguendo, Olins held the subject securities for the requisite length of time, he was not entitled to rely on Rule 144 because he failed to file a Form 144 (see id. at 2 n.3).

Having read and considered defendants' instant motion, and defendant's position being further clarified therein, the Court is now of the view that it would be preferable to address defendants' argument "that even if Mr. Olins and Argyle Capital did not fall within Rule 144 . . . under principles of statutory construction, they are not underwriters . . . ." (See Supp. to Mot. at 3:20-23.)

Accordingly, defendants' motion for leave to file a motion for reconsideration is hereby GRANTED.

Defendants shall file their motion for reconsideration no later than December 11, 2009, and notice it for hearing on a Friday no less than 35 days thereafter. Additionally, in that motion, defendants shall clarify whether they are relying on any exemption other than Section 4(1) or the safe harbor provided by Rule 144 and, with respect to Section 4(1), the basis for an exemption outside Rule 144. See SEC v. Cavanagh, 155 F.3d 129, 134 (2d Cir. 1998) (holding affiliate "is treated as an issuer" for purposes of Section 4(1)); SEC v. Cavanagh, 445 F.3d 105, 114 (2d Cir. 2006) (noting "sellers seeking a Section 4(1) exemption outside Rule 144 face a difficult standard").

In light of this ruling, defendants' request for an order permitting interlocutory appeal is hereby DENIED as moot.

Further, in light of this ruling and the parties' recent agreement for entry of judgment,

the current trial date of January 11, 2010, as well as the pretrial conference date scheduled in connection therewith, are hereby VACATED.

**IT IS SO ORDERED.**

Dated: November 25, 2009

/s/ Maxine M. Chesney
MAXINE M. CHESNEY
United States District Judge

3