1 | DEAN M. CONWAY (Trial Counsel) (DC Bar No. 457433)
ConwayD@sec.gov
2 | DANIEL CHAUDOIN
JEFFREY P. WEISS
3 | AMIE K. LONG

4 | **SECURITIES AND EXCHANGE COMMISSION**
100 F Street, N.E.
5 | Washington, DC 20549-4010
Telephone:  (202) 551-4412 (Conway)
6 | Facsimile:  (202) 772-9246 (Conway)
Counsel for Plaintiff

7

8 | <center>UNITED STATES DISTRICT COURT</center>

9 | <center>NORTHERN DISTRICT OF CALIFORNIA</center>

<center>SAN FRANCISCO DIVISION</center>

10

11 | **SECURITIES AND EXCHANGE COMMISSION,**   |   **Case No. CV-07-6423-MMC**

12 | **Plaintiff,**   |   ~~[PROPOSED]~~ **INJUNCTIVE AND MONETARY JUDGMENT AS TO DEFENDANT ROBERT OLINS**

13 | **vs.**

14 | **ROBERT OLINS,**
**SPATIALIGHT, INC. and**
15 | **ARGYLE CAPITAL MANAGEMENT CORP.,**

16 | **Defendants.**

17

18

19

20 | The United States Securities and Exchange Commission having filed a Complaint and Robert

21 | Olins ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over

22 | Defendant and the subject matter of this action; consented to entry of this Judgment (the "Monetary

23 | Judgment")**;** waived findings of fact and conclusions of law; and waived any right to appeal from this

24 | 

25 | Monetary Judgment:

26

27

28 | INJUNCTIVE AND MONETARY JUDGMENT AS
TO DEFENDANT ROBERT OLINS
*SEC v. Olins, et al*
Case No. CV-07-6423-MMC

## I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Monetary Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 13(d) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78m(d)] and Rule 13d-2(a) thereunder [17 C.F.R. § 240.13d-2(a)], by failing to timely file or amend any required Schedule 13D disclosing any direct or indirect acquisition of the beneficial ownership of more than five percent of any equity security of a class which is registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or any material change in such beneficial ownership

## II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Monetary Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 16(a) of the Exchange Act [15 U.S.C. § 78p(a)] and Rule 16a-3 thereunder [17 C.F.R. § 240.16a-3], by failing to timely file periodic reports disclosing beneficial ownership by any officers, directors, and beneficial owners of more than ten percent of any class of equity security registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] and any change in beneficial ownership of those securities.

## III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant shall pay a civil penalty in the amount of $180,000 pursuant to Section 20(d) of the Securities Act of

INJUNCTIVE AND MONETARY JUDGMENT AS                -2-
TO DEFENDANT ROBERT OLINS.
*SEC v. Olins, et al*
Case No. CV-07-6423-MMC

1   1933 ("Securities Act") [15 U.S.C. § 77t(d)], Section 21(d)(3) of the Exchange Act [15 U.S.C. §

2   78u(d)(3)], and Section 21A(a) of the Exchange Act [15 U.S.C. § 78u-1(a)].  Defendant shall make

3   this payment pursuant to the terms of the payment schedule set forth in paragraph IV below after

4   entry of this Monetary Judgment.

5

6   ## IV.

7   **IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant

8   shall pay $180,000.00 in four installments according to the following schedule:  (1) $45,000 within

9   30 days of entry of this Monetary Judgment; (2) $45,000 within 180 days of entry of this Monetary

10  Judgment, plus post-judgment interest pursuant to 28 U.S.C. § 1961; (3) $45,000 within 270 days of

11  entry of this Monetary Judgment, plus post-judgment interest pursuant to 28 U.S.C. § 1961; and (4)

12  $45,000 within 365 days of entry of this Monetary Judgment, plus post-judgment interest pursuant to

13  28 U.S.C. § 1961.  Defendant shall make each payment to the Clerk of this Court, together with a

14  cover letter identifying Robert Olins as a defendant in this action; setting forth the title and civil

15  action number of this action and the name of this Court; and specifying that payment is made

16

17  pursuant to this Monetary Judgment.  Defendant shall simultaneously transmit photocopies of such

18  payment and letter to the Commission's counsel in this action.  By making this payment, Defendant

19  relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds

20  shall be returned to Defendant.  Defendant shall pay post-judgment interest on any delinquent

21  amounts pursuant to 28 U.S.C. § 1961.

22

23      The Clerk shall deposit the funds into an interest bearing account with the Court Registry

24  Investment System ("CRIS") or any other type of interest bearing account that is utilized by the

25  Court.  These funds, together with any interest and income earned thereon and any disgorgement the

26  Court may order in connection with the First Claim for Relief of the Commission's Complaint

27

28  INJUNCTIVE AND MONETARY JUDGMENT AS          -3-
    TO DEFENDANT ROBERT OLINS.
    *SEC v. Olins, et al*
    Case No. CV-07-6423-MMC

1  (collectively, the "Fund") shall be held in the interest bearing account until further order of the Court.

2  In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative

3  Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct

4

5  from the income earned on the money in the Fund a fee equal to ten percent of the income earned on

6  the Fund.  Such fee shall not exceed that authorized by the Judicial Conference of the United States.

7          In the event that the Court orders Defendant to pay disgorgement in connection with the First

8  Claim for Relief of the Commission's Complaint, the Commission may by motion propose a plan to

9  distribute the Fund, subject to the Court's approval.  Such a plan may provide that the Fund shall be

10  distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.

11
   Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil

12
   penalties pursuant to this Monetary Judgment shall be treated as penalties paid to the government for
13

14  all purposes, including all tax purposes.  To preserve the deterrent effect of the civil penalty,

15  Defendant shall not, after offset or reduction of any award of compensatory damages in any Related

16  Investor Action based on Defendant's payment of disgorgement in this action, argue that he is

17  entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award

18  by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset").

19  If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30

20  days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this
21

22  action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the

23  Commission directs.  Such a payment shall not be deemed an additional civil penalty and shall not be

24  deemed to change the amount of the civil penalty imposed in this Monetary Judgment.  For purposes

25  of this paragraph, a "Related Investor Action" means a private damages action brought against

26

27

28  INJUNCTIVE AND MONETARY JUDGMENT AS          -4-
   TO DEFENDANT ROBERT OLINS.
   *SEC v. Olins, et al*
   Case No. CV-07-6423-MMC

1  Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in

2  the Complaint in this action.

3

4       If the Court does not order Defendant to pay disgorgement in connection with the First Claim

5  for Relief of the Commission's Complaint, the Commission may by motion request that the Court

6  transfer the $180,000 civil penalty, together with any interest and income earned thereon (the "Civil

7  Penalty"), to the Commission by certified check, bank cashier's check, or United States postal money

8  order payable to the Securities and Exchange Commission.  If the Court transfers the Civil Penalty to

9  the Commission, it shall be delivered or mailed to the Office of Financial Management, Securities

10  and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria,

11  Virginia 22312, and shall be accompanied by a letter identifying Robert Olins as a defendant in this

12  action; setting forth the title and civil action number of this action and the name of this Court; and

13  specifying that payment is made pursuant to this Monetary Judgment.  If the Court transfers the Civil

14

15  Penalty to the Commission, the Commission shall remit the Civil Penalty to the United States

16  Treasury.

17                                                **V.**

18       **IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that, pursuant to

19  Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the Securities Act

20

21  [15 U.S.C. § 77t(e)], Defendant is permanently prohibited from acting as an officer or director of any

22  issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. §

23  78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. §

24  78o(d)].

25

26

27

28  INJUNCTIVE AND MONETARY JUDGMENT AS          -5-
TO DEFENDANT ROBERT OLINS.
*SEC v. Olins, et al*
Case No. CV-07-6423-MMC

## VI.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that the Civil

Penalty described in Section III above and the officer and director bar described in Section V above

are ordered as the sole and entire monetary and ancillary relief in connection with Defendant's

consent to this Monetary Judgment (see Sections I and II hereof) and Defendant's previous consent to

a judgment entered by this Court on November 25, 2009.  In recognition of Defendant's previous

disgorgement of $22,273 to SpatiaLight, Inc., the Court is not requiring payment of disgorgement and

prejudgment interest in connection with this Monetary Judgment or the November 25, 2009

judgment.  Nothing in this Monetary Judgment shall in any way affect, change, or modify the

Commission's ability to seek a civil penalty, disgorgement and/or prejudgment interest in connection

with the First Claim for Relief of the Complaint.

## VII.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that the

Monetary Consent is incorporated herein with the same force and effect as if fully set forth herein,

and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## VIII.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court

shall retain jurisdiction of this matter for the purposes of enforcing the terms of the Judgment of

Permanent Injunction Relief entered on November 25, 2009 and this Monetary Judgment.

INJUNCTIVE AND MONETARY JUDGMENT AS          -6-
TO DEFENDANT ROBERT OLINS.
*SEC v. Olins, et al*
Case No. CV-07-6423-MMC

**IX.**

   There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure, the Clerk is directed to enter this Monetary Judgment forthwith and without further

Notice.


Dated: ___June 10_____, _2010_

                                      _____
                                      UNITED STATES DISTRICT JUDGE


INJUNCTIVE AND MONETARY JUDGMENT AS          -7-
TO DEFENDANT ROBERT OLINS.
*SEC v. Olins, et al*
Case No. CV-07-6423-MMC